IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DR. YOLANDA D. CLAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| GEORGIA DEPARTMENT OF BEHAVIORAL HEALTH AND DEVELOPMENTAL DISABILITIES, | ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Yolanda Clay ("Plaintiff" or "Dr. Clay") and hereby brings this Complaint against her former employer, the Georgia Department of Behavioral Health and Developmental Disabilities ("GDBHDD" or "Defendant") respectfully showing the Court as follows:

### STATEMENT OF CLAIMS, JURISDICTION, AND VENUE

1.

This is a civil action for unlawful discrimination and retaliation in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, the Georgia Fair Employment Practices Act of 1978, as amended ("GFEPA"), and

Plaintiff's rights under the Fourteenth Amendment of the Constitution of the United States. Specifically, Plaintiff alleges that Defendant violated her clearly established rights as a state governmental employee to be free from discrimination on the basis of her race, sex, and age, and Defendant retaliated against Plaintiff for engaging in protected activity. Plaintiff seeks monetary damages as well as equitable relief.

2.

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. § 2000e-5.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the violations of Plaintiff's civil rights alleged herein were committed in this judicial district and at the time of the events giving rise to this action, Plaintiff worked at the GDBHDD Georgia Regional Hospital at Atlanta, located at 3073 Panthersville Road, Decatur, Georgia 30034, which is within this judicial district and division.

PARTIES

4.

Plaintiff is an adult citizen of the United States and a former employee of GDBHDD. She was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

5.

GDBHDD is a state department with locations in this judicial district.

6.

GDBHDD is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

**FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

**<u>Plaintiff's Employment with GDBHDD</u>**

7.

Plaintiff began working at GDBHDD as the Director of Quality Management on March 16, 2016. She remained with GDBHDD until September 15, 2020 when she was forced to separate from the department.

8.

During the duration of her over four-year employment at GDBHDD, Plaintiff was subjected to a hostile work environment and constantly harassed by superiors while on the job.

9.

Plaintiff first experienced workplace harassment at GDBHDD in 2016, within her first year on the job. Plaintiff was harassed by Chief Operating Officer Alicia Mitchell.

10.

As Chief Operating Officer, Ms. Mitchell was the second person in command in the hospital and Plaintiff's most direct supervisor.

11.

Beginning in 2016 and continuing throughout Plaintiff's tenure at GDBHDD, Ms. Mitchell would continually disrupt Plaintiff's daily work in the Quality Department by telling employees who reported to Plaintiff to ignore Plaintiff's instructions.

12.

For example, Ms. Mitchell would undermine Plaintiff by telling employees not to support their audit assignments, telling employees to challenge work assignments like monthly reports, and encouraging employees to file complaints against Plaintiff with the Human Resources Department.

13.

One of Plaintiff's direct reports, Assistant Director Tiffany Jacobs, complained to Human Resources due to coaxing from Ms. Mitchell. Ms. Jacobs complained that Plaintiff was requiring her to do too much work, requiring her to do work that she did not know how to do, and requiring her to do work that she had never done before when Ms. Mitchell was her director.

14.

Ms. Mitchell further harassed Plaintiff by publicly claiming that addressing deficiencies in quality measurements based on survey results were not necessary. This further emboldened Plaintiff's direct reports to complain about the work Plaintiff would ask them to do.

15.

Ms. Mitchell further harassed Plaintiff by yelling at several monthly Quality Council meetings, often during Plaintiff's presentations, to publicly dismiss the validity of Plaintiff's work with claims that Plaintiff's data was inaccurate. Ms. Mitchell further complained about Plaintiff by stating that Plaintiff was not a team player and was not qualified for her position.

16.

Growing weary of this constant harassment and undermining by a superior, Plaintiff reported her concerns regarding Ms. Mitchell's actions to the Human Resources Department and the Regional Hospital Administrator, Dr. Charles Li.

17.

For years, Ms. Mitchell's behavior continued, and due to the inaction of GDBHDD, was ratified and supported by the department.

18.

In July 2020, Plaintiff met with Mr. Green, the Director of Human Resources, Dr. Risby, the Director of Quality and Risk, and other employees regarding layoffs and the restructuring of the Quality, Risk, and Incident Management Departments.

19.

As a result of that meeting, the Quality and Risk Director positions were combined to create a new department; all current positions in the Quality and Risk departments were eliminated; and current employees would be required to apply for new jobs if they still desired a position with GDBHDD with details of the jobs to be provided at a later date.

20.

Not all current employees were required to go through the interview process after the details of the new jobs were provided. Most notably, three positions similar to Plaintiff's position were pre-filled with current employees without any interview process whatsoever.

21.

Ms. Evelyn Harris, former Director of Settlement Coordination and Hospital System Quality Management, was appointed, de facto, to the position of Director of Hospital System Quality and Risk Management. Upon information and belief,

Ms. Harris is a woman of Asian-American descent.

22.

Mr. Theo Beiter was appointed, de facto, to Director of Projects and Auditing within the Hospital System Quality and Risk Management Department. Upon information and belief, Mr. Beiter is a white male.

23.

Mr. Justin Norton, former Assistant Director of Hospital Quality Management was appointed, de facto, to Director of Data and Analysis within the Hospital System Quality and Risk Management Department. Upon information and belief, Mr. Norton is a white male.

24.

Plaintiff was not appointed to any position like the aforementioned employees. Further, Plaintiff was not given the opportunity to apply for any of the new positions that were automatically filled by the aforementioned employees.

25.

Instead, Plaintiff was only granted the opportunity to apply for the position of Director of Quality and Risk Management at the Atlanta, Milledgeville, and Columbus locations of the GDBHDD. However, Plaintiff would soon find out that she would not, in fact, be considered for the Director of Quality and Risk Management position in Atlanta, and that position would be filled by a less

qualified candidate without giving Plaintiff the opportunity to apply or interview.

26.

On August 12, 2020, Before submitting her application for the Director of Quality and Risk Management position, Ms. Evelyn Harris called Plaintiff and recommended that Plaintiff apply for the Director of Quality and Risk Management positions in Milledgeville and Columbus – not Atlanta – because Plaintiff's career "needed a reset." Ms. Harris further explained that her recommendation to Plaintiff was not based on Plaintiff's work performance, but instead was based on Plaintiff's conflicts with certain personnel.

27.

Immediately after speaking with Ms. Harris, Plaintiff received a phone call from Ms. Christion Gullat. Ms. Gullat shared that Ms. Mitchell made it clear that Plaintiff would not be coming back to the Atlanta location and that Plaintiff should take the Milledgeville job. According to Ms. Gullat, Ms. Mitchell stated that Plaintiff "pissed off the wrong people" and "is lucky to be offered a job."

28.

Plaintiff reported her conversation with Ms. Gullat to Ms. Evelyn Harris, but her complaint was not addressed.

29.

Ultimately, Plaintiff attempted to apply to each of the three hospital locations: Atlanta, Columbus, and Milledgeville.

30.

On or about August 25, 2020, Plaintiff was offered the position of Director of Quality and Risk Management at the Milledgeville location. Plaintiff was not offered the chance to interview for the position in the Atlanta office.

31.

That same day, Ms. Evelyn Harris informed Plaintiff that Mr. Michael Largin was selected for the position in the Atlanta office. Upon information and belief, Mr. Largin is a male under the age of 40 with less professional qualifications than Plaintiff in terms of formal education and experience in the particular role he received.

32.

In fact, Plaintiff was asked to help train Mr. Largin for his new position.

33.

Instead of taking the Milledgeville job that was forced upon Plaintiff, Plaintiff communicated to Ms. Evelyn Harris that she would not be taking the job. When informed of Plaintiff's decision, Mr. Mark Green, the Human Resource Director, and Ms. Harris called to inquire as to why Plaintiff did not take the

Milledgeville position. When Plaintiff explained that she had been subjected to a hostile and harassing work environment, Mr. Green, instead of addressing Plaintiff's complaints, simply further discussed the Milledgeville opportunity.

34.

On August 31, 2020, Plaintiff sent an email to Ms. Evelyn Harris informing her that Plaintiff would not be accepting the Milledgeville offer. Plaintiff officially separated from the GDBHDD on September 15, 2020.

35.

Plaintiff filed a complaint for race, sex, and age based discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Georgia Commission on Equal Opportunity ("GCEO"). Plaintiff participated in the GCEO's investigation of this matter and was invited to mediate by the GCEO on August 18, 2021. That mediation never occurred.

36.

Instead of mediating, the GCEO dismissed Plaintiff's complaint with their office on January 12, 2022.

37.

The EEOC adopted the findings of the GCEO and issued Plaintiff's right to sue on June 6, 2022.

Case 1:22-cv-03594-AT-JSA   Document 1   Filed 09/06/22   Page 11 of 23


## SUBSTANTIVE CLAIMS

## <u>Count I: Race Discrimination in Violation of Title VII</u>

38.

Plaintiff incorporates by reference all of the foregoing allegations and numbered paragraphs as if fully restated herein.

39.

GDBHDD subjected Plaintiff to disparate treatment due to her race (African American), in violation of Title VII.

40.

GDBHDD's failure to promote Plaintiff to the Director of Quality and Risk Management position in Atlanta and instead promote Mr. Michael Largin was motivated in substantial part by her race.

41.

GDBHDD's decision to relocate Plaintiff to a position in Milledgeville, Georgia was motivate in substantial part by her race.

42.

 As a result of GDBHDD's discriminatory actions, Plaintiff suffered a loss of income and benefits, and she was denied opportunities for advancement. GDBHDD's actions also caused Plaintiff to suffer other monetary and non-monetary damages, the amount of which shall be determined at trial.

43.

GDBHDD's discriminatory conduct was willful and intentional, with reckless indifference to Plaintiff's federally protected rights.

## Count II: Race Discrimination in Violation of Section 1981

44.

Plaintiff incorporates by reference all of the foregoing allegations and numbered paragraphs as if fully restated herein.

45.

GDBHDD subjected Plaintiff to disparate treatment due to her race (African American) and/or color in violation of 42 U.S.C. § 1981.

46.

GDBHDD's failure to promote Plaintiff to the Director of Hospital Quality and Risk Management position in Atlanta and instead promote Mr. Largin was motivated in substantial part by her race and color.

47.

GDBHDD's decision to relocate Plaintiff to Milledgeville, Georgia was motivated in substantial part by her race and color.

48.

As a result of GDBHDD's discriminatory actions, Plaintiff suffered a loss of income and benefits, and she was denied opportunities for advancement.

GDBHDD's actions also caused Plaintiff to suffer other monetary and non-monetary damages, the amount of which shall be determined at trial.

49.

GDBHDD's discriminatory conduct was willful and intentional, with reckless indifference to Plaintiff's federally protected rights.

**<u>Count III: Sex Discrimination in Violation of Title VII</u>**

50.

Plaintiff incorporates by reference all of the foregoing allegations and numbered paragraphs as if fully restated herein.

51.

GDBHDD subjected Plaintiff to disparate treatment due to her sex (female), in violation of Title VII.

52.

GDBHDD's failure to promote Plaintiff to the Director of Quality and Risk Management position in Atlanta and instead promote Mr. Michael Largin was motivated in substantial part by her sex.

53.

GDBHDD's decision to relocate Plaintiff to a position in Milledgeville, Georgia was motivated in substantial part by her sex.

54.

As a result of GDBHDD's discriminatory actions, Plaintiff suffered a loss of income and benefits, and she was denied opportunities for advancement. GDBHDD's actions also caused Plaintiff to suffer other monetary and non-monetary damages, the amount of which shall be determined at trial.

55.

GDBHDD's discriminatory conduct was willful and intentional, with reckless indifference to Plaintiff's federally protected rights.

**Count IV: Retaliation in Violation of Title VII**

56.

Plaintiff incorporates by reference all of the foregoing allegations and numbered paragraphs as if fully restated herein.

57.

Title VII forbids retaliation against an employee who opposes unlawful employment discrimination.

58.

Plaintiff opposed unlawful employment discrimination when she complained about the race and sex discrimination she was subjected to by her supervisors at GDBHDD.

59.

GDBHDD retaliated against Plaintiff by offering her a lessor position and/or solely offering to force Plaintiff to relocate and take the position of Director of Quality & Risk Management at the Milledgeville location.

60.

GDBHDD further retaliated against Plaintiff by refusing to consider her for and/or hire her into open positions for which she was qualified.

61.

GDBHDD's actions were intended to chill Plaintiff's exercise of her federally protected rights and were posited to her as an opportunity to reset her career.

62.

GDBHDD's conduct has caused Plaintiff to suffer economic and non-economic damages including lost earnings and benefits, lost opportunities for advancement, pain and suffering, and emotional distress, for which GDBHDD is liable.

**<u>Count V: Retaliation in Violation of Section 1981</u>**

63.

Plaintiff incorporates by reference all of the foregoing allegations and numbered paragraphs as if fully restated herein.

64.

Section 1981 forbids retaliating against an employee who opposes unlawful employment discrimination.

65.

Plaintiff opposed unlawful employment discrimination when she complained about the race and sex discrimination she was subject to by her supervisors at GDBHDD.

66.

GDBHDD retaliated against Plaintiff by solely offering to force Plaintiff to relocate and take the position of Director of Quality & Risk Management at the Milledgeville office.

67.

GDBHDD further retaliated against Plaintiff by refusing to consider her for and/or hire her into open positions for which she was qualified.

68.

GDBHDD's actions were intended to chill Plaintiff's exercise of her federally protected rights.

69.

GDBHDD's conduct has caused Plaintiff to suffer economic and non-economic damages including lost earnings and benefits, lost opportunities for

advancement, pain and suffering, and emotional distress, for which GDBHDD is liable.

## Count VI: Age Discrimination in Violation of the ADEA

70.

Plaintiff incorporates by reference all of the foregoing allegations and numbered paragraphs as if fully restated herein.

71.

Plaintiff was over the age of forty (40) years old and qualified for her position when GDBHDD failed to hire her for the position of Director of Quality & Risk Management in the Atlanta location.

72.

GDBHDD marginalized Plaintiff while treating younger, similarly situated employees more favorably.

73.

GDBHDD hired Mr. Michael Largin, a young male under the age of forty (40) years old, to fill the position of Director of Quality & Risk Management in the Atlanta location. Mr. Largin has less experience and is less qualified than Plaintiff for the director position.

74.

GDBHDD's conduct has caused Plaintiff to suffer economic and non-economic damages including lost earnings and benefits, lost opportunities for advancement, pain and suffering, and emotional distress, for which GDBHDD is liable.

75.

GDBHDD willfully violated Plaintiff's rights under the ADEA and, as a result, is liable for liquidated damages.

## Count VII: Retaliation in Violation of the ADEA

76.

Plaintiff incorporates by reference all of the foregoing allegations and numbered paragraphs as if fully restated herein.

77.

Plaintiff was over the age of forty (40) years old and qualified for her position when GDBHDD failed to hire her for the position of Director of Quality & Risk Management in the Atlanta location.

78.

Plaintiff engaged in protected activity by complaining to Human Resources about GDBHDD's discriminatory treatment based on Plaintiff's age after Plaintiff was not considered for the Director of Quality & Risk Management in the Atlanta

location, and instead GDBHDD hired Mr. Michael Largin, a young male under the age of forty (40) years old, to fill the position. Mr. Largin has less experience and is less qualified than Plaintiff for the director position.

79.

GDBHDD's decision to offer Plaintiff a position in the Milledgeville office was solely because Plaintiff complained of age discrimination. GDBHDD's alleged reasons for relocating Plaintiff were pretextual and baseless.

80.

GDBHDD's conduct has caused Plaintiff to suffer economic and non-economic damages including lost earnings and benefits, lost opportunities for advancement, pain and suffering, and emotional distress, for which GDBHDD is liable.

81.

GDBHDD willfully violated Plaintiff's rights under the ADEA, and as a result, is liable for liquidated damages.

**Count VII: Violation of the Fourteenth Amendment**

82.

Plaintiff incorporates by reference all of the foregoing allegations and numbered paragraphs as if fully restated herein.

83.

Defendant discriminated against Plaintiff, an African American woman, in the terms and conditions of her employment at GDBHDD based on her race and sex.

84.

Defendant deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every person, secured by 42 U.S.C. § 1983, including, but not limited to, the right guaranteed by the Fourteenth Amendment to the Constitution of the United States to the equal protection of the laws.

85.

Defendant GDBHDD, through its employees and officers, including Plaintiff's supervisors, acted under pretense and color of state law.

86.

Plaintiff, as a state government employee, enjoyed a constitutionally-protected right to be free from discrimination based on race or sex.

87.

A state governmental employee's right to be free from discrimination on the basis of race or sex is clearly established by Eleventh Circuit precedent.

88.

Ms. Alicia Mitchell exercised supervisory responsibility over Plaintiff and subjected Plaintiff to mistreatment and harassment with a goal of forcing the end of Plaintiff's employment at GDBHDD.

89.

GDBHDD failed to investigate Plaintiff's many complaints to Human Resources regarding Ms. Alicia Mitchell's actions towards Plaintiff, and Plaintiff ultimately being replaced by Mr. Michael Largin, who was a male with less educational or professional experience than Plaintiff in terms of the position for which he was hired.

90.

Because it failed to investigate Plaintiff's complaints to Human Resources or perform any action to address same, GDBHDD bears the ultimate responsibility for the violation of Plaintiff's clearly established right to be free from race or sex discrimination.

91.

GDBHDD is liable to Plaintiff for all the economic and noneconomic damages she sustained, as well as an award of punitive damages.

92.

As a direct and proximate result of GDBHDD's conduct, Plaintiff sustained the damages alleged, including, but not limited to, deprivation of her constitutional rights to equal protection and dignity.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Order a jury trial on all issues so triable;

B. Enter judgment against GDBHDD on all Counts asserted herein;

C. Award Plaintiff compensatory and punitive damages against GDBHDD;

D. Award Plaintiff full back pay and benefits;

E. Award Plaintiff liquidated damages where allowed by law;

F. Award pre-judgment and post-judgment interest at the maximum rates allowed by law;

G. Award Plaintiff her reasonable litigation costs; and

H. Award such other relief as the Court deems just and proper.

Respectfully submitted this 6th day of September 2022.

| | |
|---|---|
| 1205 Metropolitan Ave.<br>Apt. 110<br>Atlanta, GA 30316 | _s/ Derron B. Bowles_<br>DERRON B. BOWLES<br>Georgia Bar No. 928313<br>_Counsel for Plaintiff_ |